UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEREKYE MAURICE BOLAR,

             Petitioner,

       v.

UNITED STATES OF AMERICA,

             Respondent.

No. C16-986RSL
No. CR09-293RSL

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255

**I.  INTRODUCTION**

This matter comes before the Court on petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct A Sentence by a Person in Federal Custody," Dkt. # 1.  Having reviewed the parties' briefing and the relevant record, the Court grants petitioner's motion for the reasons that follow.

**II.  BACKGROUND**

In April 2010, pursuant to an agreement with the government, Case No. CR09-293RSL, Dkt. # 23, petitioner Derekye Maurice Bolar pled guilty to a set of charges arising from a series of robberies:  seven counts of "pharmacy robbery" (Counts 1–7, under 18 U.S.C. § 2118(a)); one count of possession of a firearm in furtherance of a crime of violence (Count 8, under 18 U.S.C. § 924(c)(1)(A)(i)); and one count of felon in possession of a firearm (Count 9, under 18 U.S.C. § 922(g)(1)).  Case No. CR09-293RSL, Dkt. # 26.

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255

In September 2010, the Court sentenced petitioner to 120 months in custody, comprising 60 months on the seven counts of pharmacy robbery and the count of felon in possession of a firearm, plus 60 months on the count of possession of a firearm in furtherance of a crime of violence. Case No. CR09-293RSL, Dkt. # 33 at 3. The statutory mandatory minimum penalty for the crime of possession of a firearm in furtherance of a crime of violence is 60 months' imprisonment, served consecutively. See 18 U.S.C. § 924(c)(1)(A)(i). Petitioner was also sentenced to five years of supervised release. Case No. CR09-293RSL, Dkt. # 33 at 3. Presumably pursuant to the appeal waiver in his plea agreement, see Case No. CR09-293RSL, Dkt. # 23 at 5, 8–9, petitioner did not appeal either his convictions or his sentence.

On June 26, 2015, the Supreme Court invalidated as unconstitutionally vague the Armed Career Criminal Act's residual clause, which defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that presents a serious potential risk of physical injury to another." Johnson v. United States, 135 S. Ct. 2551, 2557 (2015). On April 18, 2016, the Supreme Court declared this holding retroactive in cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

On June 24, 2016, petitioner filed this motion under 28 U.S.C. § 2255, arguing that his conviction for possession of a firearm in furtherance of a crime of violence had been invalidated by the Supreme Court's holdings in Johnson and Welch because, after Johnson, the predicate crime of "pharmacy robbery" no longer qualifies as a "crime of violence." Dkt. # 1. The government opposes petitioner's motion to vacate his sentence. Dkt. # 6.

## III. DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct his sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or [where] the court was without jurisdiction to impose such sentence, or [where] the sentence was in excess of the maximum authorized by law, or is

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255                    -2-

otherwise subject to collateral attack . . . ." Petitioner contends that his sentence was imposed in violation of the Constitution. Dkt. # 1 at 4. Because certain procedural aspects of petitioner's motion turn on resolution of the motion's merits, this order addresses the merits first.

**A.     Pharmacy Robbery as a "Crime of Violence"**

Here, petitioner challenges the constitutionality of his confinement on the grounds that one of the statutes that he was convicted of violating incorporates language similar to the language that <u>Johnson</u> declared unconstitutionally vague. Specifically, 18 U.S.C. § 924(c)(1)(A) criminalizes the possession of a firearm in furtherance of a "crime of violence" and thus incorporates the following definition of that term at 18 U.S.C. § 924(c)(3):

> an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

As explained above, <u>Johnson</u> invalidated as unconstitutionally vague the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . *involves conduct that presents a serious potential risk of physical injury to another*." <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2557 (2015) (emphasis added). The Ninth Circuit has since applied <u>Johnson</u> to invalidate the following clause in the definition of "crime of violence" contained within the Immigration and Nationality Act (INA) at 18 U.S.C. § 16(b):

> any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255          -3-

1  Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015), cert. granted, 137 S. Ct. 31 (2016).

2  Because the language invalidated by Dimaya is identical to the second part of the "crime of

3  violence" definition underlying petitioner's conviction for possession of a firearm in furtherance

4  of a crime of violence, petitioner argues that the portion of his sentence predicated on that

5  conviction should be vacated as unconstitutional.

6      The Court agrees with petitioner that, taken together, Johnson and Dimaya compel the

7  conclusion that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.[1]  See United States v.

8  Cardena, 842 F.3d 959, 996 (7th Cir. 2016) (holding that 18 U.S.C. § 924(c)(3)(B) is

9  unconstitutionally vague in light of Johnson); United States v. Bustos, No. CR08-297LJO, Dkt.

10 # 73 at 6–7 (E.D. Cal. Nov. 17, 2016) (collecting cases holding same).  Accordingly, a

11 conviction under 18 U.S.C. § 924(c)(1)(A)(i) for possession of a firearm in furtherance of a

12 crime of violence can stand only if the predicate offense qualifies as a "crime of violence" under

13 18 U.S.C. § 924(c)(3)(A):  that is, a felony that "has as an element the use, attempted use, or

14 threatened use of physical force against the person or property of another."

15     To determine whether a predicate offense qualifies as a "crime of violence" under that

16 provision, courts apply the categorical approach.  United States v. Benally, 843 F.3d 350, 352

17 (9th Cir. 2016) (citing United States v. Amparo, 68 F.3d 1222 (9th Cir. 1995)); see Taylor v.

18 United States, 495 U.S. 575, 598 (1990).  That approach does not consider the specific facts

19 underlying the actual conviction, but rather requires the court to "compare the elements of the

20 statute forming the basis of the defendant's conviction with the elements of" a "crime of

21

22     [1] Indeed, Johnson would seem to apply even more squarely to 18 U.S.C. § 924(c)(3)(B) than to
the provision at issue in Dimaya:  unlike the civil immigration statute at issue in Dimaya, the provision

23 that petitioner now challenges is a criminal one.  Moreover, 18 U.S.C. § 924(c)(1)(A)(i) establishes a
mandatory minimum penalty for violations predicated on that provision. As the U.S. Supreme Court

24 recently observed, the constitutional concerns about arbitrary enforcement that animated Johnson are
particularly acute when the challenged language establishes mandatory minimum penalties for a crime.

25 See Beckles v. United States, No. 15-8544, --- S. Ct. ----, 2017 WL 855781, at *8 (March 6, 2017).

26
ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255                          -4-

1  violence." <u>Benally</u>, 843 F.3d at 352 (quoting <u>Descamps v. United States</u>, 133 S. Ct. 2276, 2281

2  (2013)).  A crime cannot categorically be a "crime of violence" if the statute of conviction

3  punishes any conduct not encompassed by the statutory definition of a "crime of violence."  <u>Id.</u>

4       In petitioner's case, the predicate "crime of violence" underlying his violation of 18

5  U.S.C. § 924(c)(1)(A)(i) was the "pharmacy robbery" charged in Count 7.  According to 18

6  U.S.C. § 2118(a), a person commits pharmacy robbery when he

7

8           takes or attempts to take from the person or presence of another by
            force or violence or by intimidation any material or compound
9           containing any quantity of a controlled substance belonging to or in the
            care, custody, control, or possession of a person registered with the
10          Drug Enforcement Administration under section 302 of the Controlled
            Substances Act . . . .

11

12 Because pharmacy robbery thus punishes robbery by *intimidation* – conduct not encompassed by

13 18 U.S.C. § 924(c)(3)(A), which requires "the use, attempted use, or threatened use of *physical*

14 *force* against the person or property of another," pharmacy robbery does not qualify as a "crime

15 of violence" under the categorical approach.[2]

16      This conclusion is not undermined by the fact that petitioner admitted in his plea

17 agreement to taking OxyContin from pharmacists "by his use of force, violence, or

18 _____

19      [2] Certainly a person could intimidate another *through* the "use, attempted use, or threatened use
   of physical force."  But because 18 U.S.C. § 2118(a) employs the disjunctive – "by force *or* violence *or*
20 by intimidation" – the Court reads the statute to include intimidation through means *other* than force or
   violence (regardless of whether "force or violence" necessarily rises to the level of "physical force").
21 Thus, the statute punishes some conduct not encompassed by the statutory definition of a "crime of
22 violence" in 18 U.S.C. § 924(c)(3)(A).
        While both parties devote much space to citations illuminating the meaning of "physical force"
23 as compared to simply "force" or "violence," the Court concludes that the inclusion of "intimidation" in
   18 U.S.C. § 2118(a) is enough to settle the question whether pharmacy robbery can serve as a predicate
24 offense under 18 U.S.C. § 924(c)(1)(A)(i).  <u>Cf.</u> <u>Descamps</u>, 133 S. Ct. at 2291 (reserving the question
   whether, in determining a crime's elements for purposes of the categorical approach, the Court "should
25 take account not only of the relevant statute's text, but of judicial rulings interpreting it").

26
   ORDER GRANTING MOTION
   UNDER 28 U.S.C. § 2255                    -5-

1  intimidation," Case No. CR09-293RSL, Dkt. # 23 at 7.  As explained above – and as the Ninth

2  Circuit and the Supreme Court have emphasized – what matters for purposes of the categorical

3  approach are the elements of the statute of conviction, not the "particular facts underlying the

4  conviction."  Benally, 843 F.3d at 352; see also Descamps, 133 S. Ct. at 2283 ("The key, we

5  emphasized, is elements, not facts.").  Thus, even though petitioner admitted to facts establishing

6  a predicate crime under 18 U.S.C. § 924(c)(1)(A), petitioner's pharmacy robbery conviction

7  cannot serve as a predicate crime under 18 U.S.C. § 924(c)(1)(A) if another defendant's

8  pharmacy robbery conviction – say, one accomplished purely through intimidation rather than

9  through force or violence – would not.  Cf. Descamps, 133 S. Ct. at 2283 (characterizing version

10  of categorical approach that treated some, but not all, convictions for the same crime as ACCA

11  predicates "based on minor variations in the cases' plea documents" as "exactly the differential

12  treatment we thought Congress . . . took care to prevent").[3]

13       Accordingly, after Johnson and Dimaya, a conviction for pharmacy robbery under 18

14  U.S.C. § 2118(a) cannot serve as a predicate "crime of violence" for purposes of a conviction

15  under 18 U.S.C. § 924(c)(1)(A)(i).

16  **B.    Timeliness**

17       Because petitioner's conviction became final more than one year before petitioner filed

18  this motion, however, see 28 U.S.C. § 2255(f)(1), petitioner cannot invoke Johnson to invalidate

19

20       [3] The government further argues that, notwithstanding the relevance of petitioner's specific plea
21  to the application of the categorical approach, petitioner cannot rely on Johnson to vacate his sentence
    because he has not shown that the Court relied on 18 U.S.C. § 924(c)(3)(B) in convicting or sentencing
22  petitioner. Dkt. # 6 at 20–24. The Court agrees with the government that it is petitioner's burden to
    show by a preponderance of the evidence the facts underlying the sentencing court's alleged error. See
23  Simmons v. Blodgett, 110 F.3d 39, 41–42 (9th Cir. 1997). But the government's reliance argument –
    which carries more weight in the sentencing context – is unpersuasive in this case, where the
24  constitutional error affected not an advisory sentencing guideline but rather the statute that petitioner
    was convicted of violating. Here, where petitioner has shown that his predicate "crime of violence"
25  does not survive Johnson, petitioner has satisfied his burden.

26
ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255                    -6-

his sentence unless his motion complies with the one-year limitations period codified at 28 U.S.C. § 2255(f)(3). That provision establishes that a petitioner must file his motion within one year of the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided Johnson on June 26, 2015, and petitioner filed this motion, asserting a right newly recognized in Johnson, within one year of that date – on June 24, 2016. In Welch, the Supreme Court declared Johnson's rule retroactively applicable to cases on collateral review. 136 S. Ct. at 1268. Accordingly, petitioner's motion is timely.

The government argues that the Supreme Court's holding in Welch does not apply outside of the context of the ACCA's residual clause.[4] Dkt. # 6 at 2. But the government reads Welch too narrowly.

Under Teague v. Lane, 489 U.S. 288 (1989), new "substantive" rules apply retroactively on collateral review, while new "procedural" rules rarely do. Id. at 310–13. In Welch, the Supreme Court explained that the distinction is functional rather than formal: it turns on "whether [the new rule] alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons that the law punishes." Welch, 136 S. Ct. at 1266. In Johnson, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague, effectively striking that provision from the text of the ACCA. 135 S. Ct. at 2563. Applying Teague, the Supreme Court in Welch concluded that Johnson's rule was substantive because it altered the range of conduct that the ACCA punishes. 136 S. Ct. at 1265.

---

[4] The government cites Beckles as evidence that Johnson does not apply retroactively outside of the ACCA context, as that case presented the question whether Johnson retroactively invalidates a U.S. Sentencing Guideline incorporating language similar to that of the ACCA residual clause. Dkt. # 6 at 2–3. But because Beckles held that the Guidelines are not amenable to vagueness challenges, the Supreme Court never reached the retroactivity question. 2017 WL 855781, at *7.

1        That holding applies with equal force where <u>Johnson</u> alters the range of conduct punished

2 by a different statutory provision. Here, the "crime of violence" clause in 18 U.S.C.

3 § 924(c)(1)(A) determines whether petitioner has committed a crime or not – and <u>Johnson</u>'s

4 constitutional rule, which changes the meaning of that clause by invalidating a portion of 18

5 U.S.C. § 924(c)(3)(A), plainly alters the range of conduct that the law punishes. Accordingly,

6 the Court concludes that <u>Johnson</u> applies retroactively in this context.

7        Because petitioner filed his motion within one year of the date on which the Supreme

8 Court newly recognized a right that has since been made retroactively applicable to cases on

9 collateral review, <u>see</u> 28 U.S.C. § 2255(f)(3), petitioner's motion is timely.

10 **C.     Default**

11        The government finally argues that petitioner's claim is procedurally defaulted because

12 petitioner did not challenge his conviction under 18 U.S.C. § 924(c)(1)(A)(i) either in the district

13 court or on direct appeal.[5]

14       To obtain collateral relief based on trial errors to which no contemporaneous objection

15 was made, and which were not appealed directly, a petitioner must show both (1) cause excusing

16 the default and (2) actual prejudice resulting from the errors. <u>United States v. Frady</u>, 456 U.S.

17 152, 167–68 (1982). Petitioner has demonstrated cause by showing that <u>Johnson</u>, the legal basis

18 for his claim, explicitly overruled two cases[6] that rendered petitioner's claim "not reasonably

19 available" at the time of his sentencing. <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986) ("[A]

20 _____

21     [5] As part of his plea agreement, petitioner expressly waived his right to direct appeal and his
right to collateral review. <u>See</u> Case No. CR09-293RSL, Dkt. # 23 at 8–9. But petitioner and the
22 government agree that this waiver does not prevent petitioner from collaterally attacking his sentence as
illegal pursuant to <u>Johnson</u>'s constitutional vagueness rule. Dkt. # 6 at 20–21; Dkt. # 8 at 24. <u>See</u>
23 <u>United States v. Torres</u>, 828 F.3d 1113, 1125 (9th Cir. 2016) (citing <u>United States v. Bibler</u>, 495 F.3d
24 621, 624 (9th Cir. 2007)).

25     [6] Those two cases were <u>James v. United States</u>, 550 U.S. 192 (2007), and <u>Sykes v. United States</u>,
131 S. Ct. 2267 (2011).

26

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255           -8-

1   showing that the factual or legal basis for a claim was not reasonably available to counsel . . .

2   would constitute cause . . . ."); cf. Pressley v. United States, No. C16-510RSL, 2016 WL

3   4440672, at *3 (W.D. Wash. Aug. 11, 2016) ("Despite the government's arguments to the

4   contrary, it would be unreasonable for the Court to punish petitioner for the failure of his counsel

5   to assert a claim that had been rejected by the Supreme Court twice within the previous seven

6   years."). Petitioner has demonstrated actual prejudice by showing that, absent the

7   unconstitutionally vague "crime of violence" definition in 18 U.S.C. § 924(c)(3), pharmacy

8   robbery would not have been a predicate offense under 18 U.S.C. § 924(c)(1)(A)(i); he would

9   not have been convicted of violating that provision; and thus he would not have been sentenced

10  to that provision's 60-month mandatory minimum penalty. See Strickler v. Greene, 527 U.S.

11  263, 289 (1999) (holding that prejudice is shown where "there is a reasonable probability" that

12  the result in petitioner's case would have been different absent the error). Thus, petitioner's

13  Johnson claim is not barred by procedural default.

14      The government contends that petitioner has failed to show cause excusing default

15  because the heart of his motion is not really the Johnson rule announced in 2015, but rather an

16  earlier Johnson decision: Johnson v. United States, 559 U.S. 133 (2010).[7] That case held that

17  the term "physical force," as used in the ACCA's definition for "violent felony," means "violent

18  force – that is, force capable of causing physical pain or injury to another person." 559 U.S. at

19  140. Because petitioner now argues that pharmacy robbery is not a "crime of violence" under 18

20  U.S.C. § 924(c)(3)(A) (defining that term as a felony that "has as an element the use, attempted

21  use, or threatened use of *physical force* against the person or property of another" (emphasis

22  added)), and because this earlier Johnson case had already been decided at the time of

23

24      [7] The government also argues that, because petitioner's motion is grounded on the 2010 case,
25  petitioner's motion is untimely even under 28 U.S.C. § 2255(f)(3). As explained below, the Court does
    not agree that the earlier Johnson is the legal basis for petitioner's motion.

26

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255                    -9-

1 petitioner's conviction, the government argues that petitioner cannot now claim that he lacked a

2 basis for challenging his conviction or sentence in the first instance.

3      Even assuming that petitioner was aware of this March 2, 2010 Supreme Court decision

4 when he signed his plea agreement on March 18, 2010, <u>see</u> Case No. CR09-293RSL, Dkt. # 23,

5 the Court does not agree that petitioner's motion is truly grounded on the earlier <u>Johnson</u>

6 ("<u>Johnson I</u>") rather than the latter ("<u>Johnson II</u>"). As explained above, <u>see</u> <u>supra</u> note 2, the

7 Court need not rely on <u>Johnson I</u>'s definition of "physical force" to reach its conclusion that

8 pharmacy robbery does not qualify as a predicate "crime of violence" under 18 U.S.C.

9 § 924(c)(3)(A). Moreover, petitioner's central argument – that pharmacy robbery is not a

10 predicate "crime of violence" – was not available prior to <u>Johnson II</u>: even if petitioner had

11 argued that pharmacy robbery did not qualify as a "crime of violence" under 18 U.S.C.

12 § 924(c)(3)(A) and the categorical approach, citing <u>Johnson I</u> or otherwise, petitioner

13 nonetheless could have been convicted of violating 18 U.S.C. § 954(c)(1)(A) via 18 U.S.C.

14 § 924(c)(3)(B)'s alternative definition of "crime of violence" – the definition that, after <u>Johnson</u>

15 <u>II</u>, must be voided as unconstitutionally vague.

16      Accordingly, the Court is satisfied that petitioner has shown both cause and prejudice

17 excusing his procedural default. Petitioner is entitled to relief under 28 U.S.C. § 2255.

18 **III. CONCLUSION**

19      For all of the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate his

20 sentence (Dkt. # 1) is GRANTED. Petitioner's sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(i)

21 is VACATED. Both parties shall contact the Court to schedule resentencing in petitioner's

22 criminal case. The Clerk shall close this case.

23

24

25

26

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255                   -10-

1    Dated this 28th day of April, 2017.

2

3                                                    _MMt S Casnik_
                                                     Robert S. Lasnik
4                                                    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255                      -11-